In the matter of the estate of HENRY R. WHITE, deceased.

[Decided December 28th, 1916.]

Under our statutes of distribution (*P. L. 1914 pp. 70, 71*) the children and grandchildren of deceased children take their parents' share, together with the children of testator living at the time of testator's death.

---

On application for an order of distribution. On appeal from a decree of the Passaic county orphans court.

*Mr. Clifford L. Newman,* for the appellants.

*Mr. Arthur B. Seymour,* for the respondents.

87 *N. J. Eq.*                In re White's Estate.

LEWIS, VICE-ORDINARY.

Henry R. White died intestate, December 29th, 1914, leaving him surviving two brothers, Hallett B. White and George R. White; also children of a deceased sister, Margaret Radcliffe (five of whom are the appellants); also children of a deceased brother, William White; also a grandchild of a deceased brother. The orphans court decreed a distribution of the whole estate to the two living brothers. The contention of the appellants is, that the estate should have been divided into five shares, representing the two living brothers, the two deceased brothers and the deceased sister.

The appeal involves a construction of sections 168 and 169 of the Orphans Court act as amended (*P. L. 1914 pp. 70, 71*), which act was in effect at the time of his death.

It was held by the orphans court that the amendment eliminated children of a deceased brother or sister where there were brothers or sisters living, and this is the question for determination.

My view is, that paragraph 4 of section 169 does not apply in a case where there is a brother and sister living as well as children of a deceased brother and sister. Paragraph 4, in my judgment, becames applicable only where there is no brother or sister living as well as no husband or widow, child, or representative of a child, or parent. To make this paragraph applicable all the relations mentioned must be non-existent.

The third paragraph, however, would cover the case where a brother or sister is living, and also the children of a deceased brother or sister, for it provides that there being no husband or widow and no child, nor any legal representative of a child, then it shall be equally distributed among the parents and brothers and sisters. Obviously, if there were no parents, the distribution would be among the brothers and sisters. This section is silent, however, as to whether children of a deceased brother or sister would take by representation.

Now, here is an apparent *casus omissus*. Section 168, however, of this same act, must be taken in connection with this paragraph of section 169.

We find, in section 168, a direction to the orphans court that the orphans court shall order a just and equal distribution among the husband or widow, children, or deceased children's children, if any such there be; or otherwise to the next of kindred to the intestate, or legally representing their stocks, "pursuant to the laws in such cases, and the rules and limitations hereinafter set down."

The general provision of this section shows beyond question that it was in contemplation of the draftsmen of this act that children of deceased persons who would otherwise, under the rule of distribution, take, if living, should take the parent's share by representation. It would, therefore, be impossible to give effect to the evident intention of section 168, without reading into paragraph 3 of section 169, in substance, a provision that the children of a deceased brother or sister would take by representation the parent's share. In no other way could there be a just and equal distribution as is directed; since the statute undoubtedly provides for the right of representation when the estate is being distributed among kindred more remote than nieces or nephews. It would be doing violence to our language to consider it a just and equal distribution as provided for by a statute that would cut off nieces and nephews from the right of representation, when their parents, if living, would come under the order for distribution, but would give the children of cousins to the remotest degree that right when their parents would, through the absence of brothers and sisters, or nearer relatives, have come in under the rule of distribution provided by the statute, if living.